Good morning, everyone, and good morning, Judge Rovner. Good morning. Our first case for argument this morning is the United States v. Andrew Johnston. Mr. Falvey. Good morning, Your Honors. Joe Falvey for Appellant Andrew Johnston. May it please the Court. At great personal risk, Mr. Johnston took swift action to protect a government witness and then help the government investigate and prosecute the prominent cartel leader responsible for threatening that witness's life. The government believed this deserved a sentence reduction of 25%, but the district court denied all but a fraction of that request, effectively sentencing Mr. Johnston to an additional two years in prison for only one reason, because Mr. Johnston had challenged his conviction, which the district court believed showed a continuing lack of remorse. This was wrong for at least three reasons. First, as cases like Purnell, Shannon, and others make clear, courts may not penalize defendants for challenging their convictions, even if those challenges prove frivolous or frustrating. Yet that's exactly what the district court did here by expressly basing its decision on Mr. Johnston's challenges. Second, the district court relied on only one isolated sentencing consideration to the exclusion of numerous others, contrary to this court's Chapman line of cases. And third, just as this court held in Harrington, the district court did not adequately explain its decision, as it never even attempted to show or never even attempted to explain how Mr. Johnston's challenges showed a continuing lack of remorse or how any other sentencing considerations affected its decision. Stepping back for a moment to the jurisdictional issue that the court asked us to address, the parties agree that the, oh, sorry, Your Honor. Sorry, I'm sorry. But before you go any further, are you aware of a case that the Supreme Court issued yesterday? I am, Your Honor. Yesterday afternoon, we submitted a 28-J letter to the court regarding that case, Wilkins, Your Honor. Right. Do you want to explain how it helps you? Absolutely, Your Honor. As we set out in our letter, we do think it's quite helpful for at least two reasons. In Wilkins, the Supreme Court reiterated the longstanding rule under its modern precedent that only a clear congressional statement can establish a jurisdictional time limit. In addition, the court reiterated that when a time limit is separated in the statute from a jurisdictional grant, that's very strong evidence that the time limit is not jurisdictional. That essentially confirms this court's reasoning in Taylor, which relied on the fact that the only conceivably relevant statute in this case, Section 3582C in Title 18, is separated in the criminal code from the jurisdictional grant here. That separation is very strong evidence that the statutory provision relevant here is not jurisdictional. But Wilkins involved sort of a pure statute of limitations, did it not? It did, Your Honor, yes. And there is a distinction between that and what we have here, which is a rule and a statute that exists to promote finality in sentencing pursuant to the Sentencing Reform Act, rather than private rights, as I sort of classify pure statutes of limitations. So we have public interests in play here in a way that is less obvious when we're dealing with just an ordinary garden variety statute of limitations, even for a statutorily created cause of action. Isn't there a distinction there in assessing the jurisdictional or non-jurisdictional character of this statute plus rule? I think ultimately no, Your Honor, for at least two reasons. First, although this case doesn't involve a pure statutory limitations period, like you mentioned, the Supreme Court hasn't limited its modern precedence on the difference between jurisdictional rules and claim processing rules to the statute of limitations context. It's applied those rules across a variety of filing deadlines, and there's a filing deadline here. Second, Your Honor, you mentioned that this case implicates the public interest. I think that is true. That's why I think it's very significant that the government is in a position here to represent that the public interest would be served by not adhering to the filing deadline, by essentially waiving the filing deadline. So if the court is concerned about whether the public interest is adequately represented, I think the government is very well positioned to present those concerns to the court and ensure that the filing deadline here is not abused, or the possibility of waiver is not abused here, Your Honor. Mr. Favelli, if we go and conclude claims processing rule versus jurisdictional, and we conclude a waivable, how deep are we supposed to get into Chief Judge Pallmeyer's order? Chapman gives us a certain development of that, but Chapman cites McDowell. What are we to do with that? Well, I think the district court's citation of McDowell on the merits is not critical. If this court agrees that it has jurisdiction, then I think the court should use Circuit Rule 40E to overrule McDowell with respect to jurisdictional issues, and then proceed to analyze whether the district court's decision should be upheld on the merits. You indicate that we should do a full review of what Chief Judge Pallmeyer said in her two-page Rule 35 motion. So long as this court agrees that she had jurisdiction, I think the merits of her decision is subject to review by this court under 3742. The standard of review on the merits allows this court to review whether the district court failed to consider factors that it should have considered, whether the district court considered impermissible factors, and whether the district court adequately explained its decision. That's under Chapman, Harrington, other cases. So those are the issues that we're asking the court to review on the merits, so long as the court agrees that she had jurisdiction. But that's a limited scope of review. We do not review the weight that Judge Pallmeyer assigned to these five cases that she concluded reflected a lack of remorse or a less than full acceptance of responsibility on the part of the defendant. And that seemed to be primary in her decision-making process. We don't second-guess the weight she assigned those cases. We look for legal error, essentially. That's correct, Your Honor. It's true that this court doesn't have jurisdiction to review the weight that the judge, the district court assigned to particular factors, or how the district court ultimately chose to balance a variety of factors. But what this court does have jurisdiction to review, and what we're arguing, is that the district court failed to consider factors that she should have or considered impermissible factors. Under the Chapman line of cases, the court does have jurisdiction to review those issues. That's kind of a fuzzy line, hard to walk in actual cases. It can be fuzzy, I think, in some cases, Your Honor, because I understand the questions do have some degree of overlap. But in this case, I think we don't get into the fuzziness part of the rule. There is a clear impermissible factor that the decision below is based on, Mr. Johnson's challenges. Under Purnell and Shannon, the fact that Mr. Johnson had chosen to challenge his convictions is a flatly impermissible factor. Shannon emphasized that even a hint that would tend to discourage a defendant from raising a challenge to his sentence is not permissible. There's much more than a hint here. The district court, this is at RSA 2, the district court expressly relied on Mr. Johnson's challenges. That is an impermissible factor under Purnell and Shannon, and this court has jurisdiction to review that error. In addition to that... So you're asking for a hard rule that any consideration of post-conviction or not even post-conviction during the course of the prosecution, litigation behavior that reflects a lack of discretion to the criminal case is off-limits. In other words, it's legal error to consider what Judge Palmer considered. Not because of the weight she assigned to it, but it's just flat-out legal error. No judge can consider litigation conduct. I wouldn't phrase it as a hard rule, Your Honor. We have to fit it into the category of legal error, just not impermissible weight, abuse of discretion.  Absolutely, Your Honor. I think the reason I say it wouldn't be a hard rule is because this would be a very different case if Chief Judge Palmer had actually cited or quoted filings or statements in the recent litigation, post-litigation conduct, that attest to lack of remorse. This would be a very different case if she had identified recent filings where Mr. Johnson said, I don't feel remorse. I do not accept her responsibility, but she did not do that. Defendants rarely say things like that. They just make sometimes fantastical and groundless claims about their criminal cases, and that's what Judge Palmer concluded was going on here. I think that— The suit against AT&T, the RICO suit for a vast conspiracy to frame him, et cetera. Well, I think that may have been going through the district court's head, Your Honor, but at the end of the day, that's not in the decision below. All we have in the decision below is the district court citing the fact that a challenge was raised and then a citation to very broad dockets without further description. I think it's very telling, actually, Your Honor, that neither the government nor the district court has identified any statements in those filings or other filings of any sort indicating that Mr. Johnson actually does lack remorse. The AT&T suit and the RICO claims that you mentioned, Your Honor, I think actually help us. Because what was alleged there, what the government in its brief states was alleged there is that Mr. Johnson alleged that the sentencing judge and other government officials did not adequately assist him in serving his subpoenas, and that AT&T and other telecommunication providers violated his constitutional rights in a certain way. I don't know that all five of those cases, though, fall into the category of not being an attack on his previous conviction. Some of them may, but I don't know that all five do. Well, that may be, Your Honor. I think at the end of the day, we don't know because the district court didn't identify that. And perhaps more importantly, the government doesn't. The government only identifies the AT&T suit and the suit against the judge. And I think it's clear from the government's description in its brief of those cases that they were not attesting to Mr. Johnson's lack of remorse. They were just asserting that constitutional or procedural rights were violated at some point during his prosecution. And certainly those claims were striking. They certainly may not ultimately have prevailed. But they do not support the district court's conclusion that Mr. Johnson lacks remorse. We could certainly speculate about what may have been going through the district court's head when it made its decision here. But all that was actually written down was the fact that Mr. Johnson had chosen to challenge his convictions, with a special emphasis on the fact that those challenges named the sentencing judge as a defendant. Under Shannon and Purnell, that's an impermissible factor, which we think warrants vacator here. I see, Your Honors, that I've reached my opening time. Would it be all right if I reserve the remainder of my time for rebuttal? That's fine. Thank you. Thank you. Next up, I believe we have Mr. Murphy as appointed amicus. Good morning, and may it please the Court. A statute or rule does not have to encant magic words to be jurisdictional. It must merely make clear, using the traditional tools of statutory construction, that it has been imbued with jurisdictional consequences. Rule 35B fits that bill. But even if you disagree with me about the jurisdictional nature of Rule 35, the party's approach to waiver here doesn't work either. The government has taken the position that it can waive the one-year rule, and the appellant agrees, but neither has been able to point to a case in which a party is able to excuse its own noncompliance with a rule. That's because it doesn't make sense to think one can. And there are strong textual reasons to think that neither party can waive the rules requirements here. Has the Supreme Court ever acknowledged a class of non-waivable claims processing rules? I think that the Supreme Court has certainly acknowledged that there are categories of mandatory claim processing rules that are so emphatic that they prohibit things like equitable tolling. I don't think that they've acknowledged one that is on all fours with the rule we have here. I don't think that's problematic because the way that this rule is structured is sort of unique. I don't think there are many rules where the person moving is doing something for the benefit of the other party. And so I think the structure is kind of weird, but I don't think it's that problematic to say that there's not another case on all fours recognizing exactly this rule. And so I can start with the waiver part, but I think maybe it makes the most sense to start with jurisdiction, since obviously if it's jurisdictional, you can't waive anyway. So maybe start where Judge Rovner did with Wilkins. I think that Wilkins doesn't break any new ground. I think that what Wilkins says is consistent with all the other cases. And the main point is that the hallmark of a jurisdictional rule is that it talks about a court's power. So the statute of limitations in Wilkins is really directed at parties and their time to take an action. That's different than 3582 and Rule 35, which both talk about a court's power and a court's ability. But I take it you would concede that the court in Wilkins certainly reiterated that a procedural requirement is only jurisdictional if Congress clearly states that it is. And the further clarification, I'll quote, that traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences. So, you know, in making that assessment, it seems that the court looked at the language and whether the time limitation was in the jurisdictional section of the statute or a remote section. So all of those factors, if we apply them to the case here, would, it seems, favor treating it as a non-jurisdictional claim processing rule. So... I don't agree, Your Honor. I think that I certainly concede that there is a clear statement rule. I think that the things that Wilkins analyzed don't point in the same direction here. I think, first and foremost, you know, the statute of limitations, as Chief Judge Sykes alluded to earlier, is pointed at parties and not the court. So that's the most important factor here. I think that the larger statutory context here, the way that the sentencing statute is structured actually points the other direction as well. You know, in general, district courts do not have the power to modify a sentence after it's been imposed. A sentence is a final judgment. And so the district court is going to need something to empower it to be able to modify that sentence. And Section 3582C1B tells us that it's Rule 35's requirements. And that makes, in this context, you know, the statutory structure points in the direction of reading Rule 35's time limit as jurisdictional. And then the broader contextual point... Sorry, Your Honor. No, no, you finish. And then I was just going to say... And then the final point is that context about placement in the U.S. Code is obviously one clue about whether a provision is jurisdictional. But it's not dispositive. Mere placement is never going to tell you something. That's why, you know, this court and the Supreme Court have both recognized that other time limits, like the one in Section 2107 and Rule 4 of the appellate rules, are jurisdictional, even though they appear outside of the general grant of jurisdiction in Sections 1291 and 1292. And so I think, you know, while that's one clue, I think it's outweighed by the rest of the evidence here, which points towards a jurisdictional reading. But I take... Well, okay. If we decide to hold that Rule 35B's time prescription is not jurisdictional, we will have to overrule our prior decision in the United States versus McDowell. Would you agree with that? I do think you would have to overrule McDowell to the point that it held that Rule 35B1 is jurisdictional. I think that portions of McDowell actually still support the secondary argument I've made, which is that the rule is structured in a way that it would not, in fact, allow the government to waive the time limit, and it wouldn't allow the defendant to do so either because of the way that the sentencing statute works and because of 35B2 and the way that 35B2 would be rendered surplusage. And so, you know, I think that that's the main reason why it doesn't make sense to read Rule 35B1 as waivable, is because, you know, the statute gives a district court authority to modify a sentence only to the extent that you have complied with Rule 35. That means that, you know, in the absence of compliance, including with the one-year requirement, a district court doesn't have the power to modify a sentence. And so, in some ways, you know, the same evidence that points toward a jurisdictional reading, if you don't think it's jurisdictional, supports a reading that at least at a minimum says the district court isn't going to be able to grant that motion on the merits. And I think that's also why it doesn't make sense to think even here the defendant can waive as you would have in the normal situation with a non-jurisdictional claim processing rule where the other party gets to waive or forfeit. And then the last point is the surplusage problem, which is that if you do read 35B1, and this is something that McDowell acknowledged, if you read 35B1 to be waivable, it essentially eats 35B2 out of the rule. And so you end up in a situation where you would never have 35B2 apply because the defendant could just always waive. And so you could have a motion to modify a sentence anytime. And that really undermines the finality interests that 3582 and 35B1 are trying to get at. And your argument needs to contend with U.S. v. Taylor? It does. And I don't think that Taylor's to the contrary. So I think that Taylor is really about a merit standard. It's about the elements, whether meeting the elements of one's claim can be treated as jurisdictional. And I think that for the reasons the court has said in things like Arbaugh or Gonzalez v. Thaler, it doesn't make sense to think of the essential elements of a party's claim as jurisdictional because then you just collapse the jurisdictional inquiry and the merits inquiry into one. And so I don't think that the court or this court has ever held that that kind of essential elements standard is jurisdictional. But it has several times held that a time limit can be jurisdictional. And in Bowles, that was part of the Supreme Court's rationale to distinguish Arbaugh, is to say Arbaugh is really about a merit standard. It's not about a time limit. And so what we're talking about is a time limit. And then Gonzalez v. Thaler did the opposite, where it said Bowles is really about a time limit and this is about a merit standard. And so I actually think that Thaler was correct to hold that whether or not you satisfy essentially the elements of your claim, it doesn't really make sense to treat that as jurisdictional. But that doesn't undermine treating a time limit as jurisdictional in the context of Section 3582 and Section 35B1. Even if we understand Thaler as restricted to this eligibility limitation, not collapsing eligibility standards for a sentence modification with jurisdictional requirements, as you're arguing, I mean there's some broad language in that opinion that would have to be massaged I think to get there. Right. But assuming that we are with you on that, even focusing on the time limit and the link between the rule and the statute gets us into Hamer's refinement of Bowles. Right. Which talks, you know, Hamer was all about another case from this circuit and it's all about the intersection between statutes and rules for purposes of this jurisdictional claim processing analysis. Right. I think that Hamer is consistent with my reading too in the sense that in Hamer you had a time limit that was only contained in the federal rules and it had no basis in the statute at all. And I think the difference here is the incorporation by reference that Congress made to Rule 35, which it amended to include a one-year requirement at the same time. And so I think reading 35B1's time limit here as jurisdictional is consistent with Hamer because it does have a statutory basis through the incorporation by reference. I see that my time has expired, so if there are no further questions, I'll take my seat. Thank you. Thank you. Ms. Alexakis. Good morning, and may it please the Court. Georgia Alexakis representing the United States. This Court should affirm the district court's order granting the defendant a 10% reduction in his sentence in exchange for his substantial assistance to the government. And I'd like to pick up where Mr. Murphy left off with respect to the question as to whether or not Rule 35B and the time limit encompassed in that rule, not the statute and the rule, represents a jurisdictional requirement versus a waivable claims processing rule. And here the district court had the authority to adjudicate the government's motion for Rule 35B is a waivable claims processing rule. Under post-McDowell Supreme Court cases, the courts must look for a clear statement from Congress that a rule or requirement in fact limits jurisdiction and thus triggers harsh consequences that flow from a jurisdictional requirement. Here, that harsh consequence being the dismissal of the government's Rule 35B motion despite the defendant's substantial assistance. And here I think the court, this panel, can rely significantly on Taylor in concluding that Rule 35B is a waivable claims processing rule. Taylor tells us that Rule 3582 as a whole, writ large, points out that it's not encompassed within the jurisdictional provision or the jurisdictional section of the criminal code, and the Supreme Court tells us that's an important clue as to how we should read that time limit. Taylor also tells us that 3582C is not phrased in jurisdictional terms. And that is also... But it is phrased in terms of the court's authority, the court's power. It is, Judge. But the specific language in 3582 that talks about what a court may do versus what a court may not do is precisely the language in Taylor that this court pointed to and said it's not in jurisdictional terms. And I think in particular, when you look at cases like Bowles and Hamer that look at time limits and look at the connection between the time limit in a rule versus the appearance of a time limit in a statute, I think combined with Taylor tells us that what we need to be looking for here is the time limit itself in the statute. I think Hamer is quite specific about that. It says that the circuit incorrectly decided Hamer in light of Bowles because the time limit that appears in Bowles both in the rule and in the statute, in Hamer we have a situation where the time limit appeared just in the rule and not in the statute. And it's hard to walk away from those cases and not think that the appearance of that time limit, it's important to the Supreme Court that it actually manifest in the statute itself. But there's a stronger link between the statute and the rule here than there was in Hamer? Because of Rule 35 being adopted as part of the Sentencing Reform Act. Am I understanding? Well, it's cross-referenced on the face of the statute. It is. So it's even stronger. It's not just in the public law that you can go and look up. It's right there on the face of the statute. I agree, Judge. Right. It specifically says Rule 35. But Rule 35 is more than just that time limit. Rule 35 encompasses Rule 35A, which requires, amongst other things, the presence of a clear error that needs to be corrected. And Rule 35B itself is, again, not just about that time limit. You need a government motion. You need substantial assistance on the part of the defendant. And when you look at 3582C generally, what you see are substantive limitations on a district court's ability to modify a sentence after the sentence has been imposed. But, again, no express reference to a time limit. And so I think there's a way to read that statute and read it in sync with Bowles and Hamer and to say, yes, 3582C does impose limitations on a district court's ability. But it doesn't mean that that doesn't make Rule 35B's time limit. It doesn't make it jurisdictional. It simply means that, yes, there is a time limit, and there are reasons for that one-year mark that we see in Rule 35B1. But, again, that doesn't mean that that time limit is jurisdictional. So these are all just basically eligibility requirements? Correct. And if you look at the advisory committee notes, for example, for Rule 35, the committee was quite clear that one of the reasons for that one-year marker is to incentivize prompt cooperation on the part of the defendant. You know, we don't want a defendant sitting on a potentially critical piece of information and not sharing it until later. And so there are reasons that are separate and apart from a court's authority that explain why that one-year limit would be there and therefore bolster the argument that Rule 35B's time limit is meant to be a claims processing rule and was never intended to be a jurisdictional requirement. And if you and Mr. Falvey are correct, what happens to, what work does the exception to the one-year time limit do? Rule 35B2? Right. So I disagree respectfully with Mr. Murphy that there would be surplusage. Because 35B1 and 35, well, there are scenarios that Rule 35B2 doesn't cover that a waiver of the one-year limitation in Rule 35B1 would. So Rule 35B1 contemplates scenarios in which a defendant obtains information within a year, shares it with the government, and the government can act, the utility, the value of that information is immediately apparent, as was the case here with Mr. Johnston. Rule 35B2 covers scenarios in which the information does not become apparent or its utility or its value doesn't become apparent until after the year mark. What Rule 35B1 would still cover in a scenario in which the government could waive its time limit is a scenario in which the information is known within the year, its utility and its value is known within the year, but the cooperation is ongoing. The cooperation lasts longer than a year, which is not an uncommon scenario when you think about the length of a federal, of many federal criminal investigations and the many layers that exist with respect to cooperation. It's not just a simple... But when we talk about utility, if the one-year time prescription in Rule 35B is not jurisdictional, does it really have any utility at all? Because, look, in that scenario, the government could ignore the time period at will, couldn't it? Because the defendant would never have a reason to challenge a late filing, since the defendant is the beneficiary of the filing. So, Judge, I think that there is still a purpose behind that one-year time limit, even if the government were able to waive that time limit. And the purpose is, again, to incentivize the defendant's prompt cooperation, because the defendant is running the risk that if he doesn't promptly alert law enforcement of information that he becomes aware of within that year mark, he runs the risk that he's not going to fall into one of the more narrow exceptions that are set out in Rule 35B-2. And it also promotes, from the government's standpoint, it does... Well, it gives the defendant an incentive to cooperate. It gives the defendant an expectation as to when he or she may be able to realize the assistance. And it also gives the government a marker in terms of finality with respect to the sentence. It wouldn't be creating an unlimited scenario. Because from the government's standpoint, certainly it can waive an oversight with respect to timeliness. But at the same time, it's doing so by weighing competing factors. And we've talked this morning about the importance of the finality of judgment, the finality of the sentence. And so when the government is waiving timeliness with respect to its Rule 35B motion, it's doing so having weighed the importance of incentivizing cooperation versus the government's interest, frankly, the public's interest, everyone's interest in securing a final conviction. And so it's not clear to me that the government would always waive away its own error in not filing that motion within that year mark, whether it's an error or whether there were circumstances that necessitated the Rule 35B motion not being right for adjudication until after that one-year mark. Counsel, same question that I posed to Mr. Falvey with regard to the depth at which we are to examine Chief Judge Pallmeyer's decision. Under 3742A, Chapman, these other cases, how far are we to go? I think it's a pretty limited review. I think that the circuit has said that under 3742A, that this court's review of Judge Pallmeyer's order is limited to determining whether or not Judge Pallmeyer committed a clear legal error. And here, there is no legal error. Would that include the methodological approach that she used? I think it would fairly encapsulate a review of her decision to impose a 10% sentence as opposed to a 25% sentence reduction based on the analysis of the 3553A factors. I think that this circuit's case law says that has left open the question as to whether or not a court is required to consider those 3553A factors. It has certainly suggested or made clear that a district court has the option of considering those 3553A factors. Here, Judge Pallmeyer opted for that. In fact, makes clear in a few different instances the district court states that the court acknowledges that they are, quote, free to consider the 3553A factors. The court specifically references its earlier 3553A analysis that it had imposed two years prior or that it had conducted two years prior when Mr. Johnson was originally sentenced. It's worth noting that the defendant never challenged that 3553A analysis on direct appeal as being either procedurally unsound or substantively unreasonable. And so to go back to your original question, Judge Brennan, where Judge Pallmeyer has acknowledged that the 3553A factors can be considered and where Judge Pallmeyer then considers those 3553A factors, this court can review whether she committed legal error in doing so but cannot consider whether, for example, she afforded undue weight to one factor versus another as that goes to the district court's discretion. What about the factors she listed in the order itself of not accepting responsibility and citing the five cases? That is not a legal error because Judge Pallmeyer was looking at Mr. Johnson's history of litigation activity not to express frustration with him, not as a way to personally retaliate against him. I think there's nothing in that order that can be fairly read that way. And instead what Judge Pallmeyer is doing is continually referencing a lack of remorse and a lack of acceptance of responsibility. The court specifically says that the defendant has not yet acknowledged remorse. And defendant has not pointed to any statements that he has made in a pretty fulsome record, not just in this CR number but across all types of manner of civil actions and appeals in which he has affirmatively expressed remorse. And so the district court did not derive an incorrect conclusion based off the record before the district court. Isn't the challenge, though, counsel, that until he goes to trial in January of 2019, he's presumed to be innocent? So if some of these suits, for example, were completed prior to even his criminal trial, he's not in a position where he's deviating from his position of I'm not guilty. I think many of the suits, however, Judge, were filed after he was convicted. And in particular, Johnston v. Ward was filed in 2020. That's the suit against the district court and her court reporter for allegedly tampering with the trial transcripts. Johnston v. Hoogland was also filed in 2020. That's the suit that the defendant filed against an FBI agent and the prosecutor in his most immediate case for allegedly submitting false documentation. And then you have, well, his most recent, in 2021, he filed an action under Section 2255 challenging the probable cause for his arrest, which is an issue that has come up not just on his direct appeal but in numerous appeals that he has filed since then. And so I think the district court fairly pointed to these cases, identified the cases by name, and in that sort of shorthand way is saying that these are cases in which the defendant has not expressed remorse and, in fact, has done the opposite, which is to bring what this court itself has called frivolous claims challenging his conviction. And so there's no— But by relying on this history of litigation to decrease a sentence reduction from 25 percent to 10 percent, is the district court essentially penalizing Johnston for exercising his right to appeal to the courts? Why wouldn't that be problematic? I think it would be problematic if that's what the district court were doing. But I think what the district court here was doing, when you look at the order, is looking at that pattern of litigation activity and deriving from that a lack of remorse, a lack of acceptance of responsibility on the part of the defendant. In Purnell and Lewis, we have—and I'm sorry if I could—I see that my time is up. I'll wrap up quickly. In Purnell and Lewis, we have cases in which the court criticizes district judges for allowing their frustration to permeate, permeate the sentencing order. And I simply don't think that the district court's order here lends itself to that characterization. So unless there are further questions from the court, the government would, again, ask that this court affirm the district court's order in this matter. Thank you. Thank you. Mr. Haldi. Just a few quick points in rebuttal, Your Honors. One on jurisdiction, a few on the merits. On jurisdiction, we agree with everything that the government said on jurisdiction and waiver. Taylor, at 671, Chief Justice Sykes, as you pointed out, I think forecloses the amicus's position. Chief Justice Sykes, you pressed on the textual link, the link between the statute and the rule here. Two thoughts on that. That only matters if you conclude that the statute itself is jurisdictional. Because if the statute's non-jurisdictional, a link between a non-jurisdictional provision and a non-jurisdictional provision is not jurisdiction. So we think Taylor forecloses that possibility. Even setting that aside, if there is a link, the Supreme Court's decisions in Fort Bend and Arbaugh say that that sort of link between discrete provisions is not sufficient to transform a non-jurisdictional provision into a jurisdictional one. On the merits, a few points and rebuttals, Your Honor. The government agrees that this court has jurisdiction to review errors of law, including methodological errors. That's what our three primary arguments raise. On opening, we focused on the fact that the district court relied on an impermissible factor, the fact that Mr. Johnson had chosen to challenge his convictions. The government responds that no frustration was involved in decision-blower annoyance. I disagree. I think the fact that the court went out of its way to emphasize that suits were filed against the judge herself may express some annoyance. But at the end of the day, that is not the critical aspect of our argument. The critical aspect of our argument is that an impermissible factor, Mr. Johnson's challenges, was a basis for the decision below. Impermissible based on what source of law? What makes it impermissible? Is it due process? What's the thread of the legal argument that makes that impermissible? Because we have to focus on an error of law. Of course. I think the short answer, Your Honor, is this court's precedent in Purnell and Shannon, which I think at the end of the day are rooted in due process concerns and the concern that defendants not be incentivized or deterred from challenging their convictions. This court in Burr emphasizes that any time lack of remorse or someone's challenges are being considered in the sentencing context is a very sensitive context. There's a very fine line between permissibly relying on a challenge as opposed to punishing a defendant. And particularly given the sensitive context here, we think more was required of the district court. Even setting aside all that, though, we do have two additional merits arguments that are legally based. First, Judge Brennan, as you pointed out, the district court committed methodological error in its 3553 analysis because it focused at best, best case scenario for the district court, it focused on one isolated post-sentencing development, Mr. Johnson's challenges, to the exclusion of others, including other post-sentencing developments such as Mr. Johnson's spotless behavior record in prison, other rehabilitation efforts. So I believe the government agrees that in a case where the district court performs a 3553 analysis, at the very least, our position is that it needs to do so properly. And it can't properly do that analysis if it considers only one isolated post-sentencing development. So what's the rule of law you're proposing? The rule is that if the district court chooses to conduct a 3553A analysis, it needs to do so properly. Meaning every 3553A factors? Some of them, relevant ones, the ones that are raised by the parties? What's the legal rule? I think the district court probably could rely on everything that happened before sentencing and the analysis of the sentencing considerations as it was performed at sentencing and not revisit all that. Certainly the district court should be free to do that because all that's baked into the current sentence. What the district court should probably do is assess post-sentencing developments through the lens of the sentencing considerations as the parties present that sort of information to it. And the government mentioned that Mr. Johnson didn't present any information along those lines. He had no opportunity to do so. The time between the motion being filed and the district court's decision was just over a month, and he was not alerted that the district court was planning to conduct a sua sponte 353A analysis. I see him out of time. We would ask that the court vacate the decision below and remand for resentencing before a different judge. Thank you very much. Our thanks to all counsel, and a special thanks to Mr. Falvey and Mr. Murphy for accepting the appointments in this case to represent Mr. Johnson and to act as amicus for the court on these important questions. Thanks to you firms as well. We'll take the case under advisement.